Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ALEX DELGADO,                                             )                  No. 08-04-00071-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  171st District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D02615)

O P I N I O N

            Alex Delgado appeals his conviction of evading detention with a vehicle. A jury found
Appellant guilty and the trial court assessed punishment at a fine of $750 and confinement in the
state jail for two years, probated for four years. On appeal, Appellant challenges the legal and factual
sufficiency of the evidence supporting his conviction. We affirm.
FACTUAL SUMMARY
            At approximately 2 a.m. on May 5, 2003, Officer Linda Hanner of the El Paso Police
Department was on patrol in northeast El Paso. Hanner observed an “older model white van” run
a red light in a well-lit intersection. Hanner activated her patrol unit’s emergency lights and siren
and attempted to stop the van so she could give the driver a citation for the traffic violation. As she
followed the van, it ran the red light at the next intersection. The van turned right and ran two stop
signs before turning onto another street. Hanner was traveling 65 m.p.h. in a 35 m.p.h. zone in an
effort to catch the van. As Hanner continued in pursuit, she saw the vehicle run numerous other stop
signs and it braked only for turns. Because Hanner had to slow or even stop at intersections for
safety and policy reasons


 and the van was not stopping at the intersections, she could get no closer
than one block from the van and it eventually opened up a three-block lead on her. Since it was
obvious the van was not going to stop and she was not going to catch it, Hanner, pursuant to police
department policy, turned off her emergency lights and siren and attempted to follow the van at a
safe distance. She eventually lost sight of it in a residential area. Hanner continued patrolling the
area. Approximately fifteen to twenty minutes later, she saw the white van traveling towards her
patrol unit. She activated her lights and siren and then did a U-turn after it passed her without
stopping. Although the driver had an opportunity to stop before reaching the next intersection, the
driver instead drove through the intersection without stopping at the stop sign and continued to drive
away from Hanner. After driving three more blocks, the van pulled over. During the course of the
chase, the driver of the white van had run three red lights and seven stop signs. 
            As Hanner called for backup, Appellant exited the driver’s door and began gesturing angrily
at Hanner, who instructed him to remain in his vehicle. The backup officer arrived within about
thirty seconds and they approached the van. Appellant threw up his arms and in an aggressive
manner asked why he had been stopped. Hanner advised him that he had committed a traffic
infraction by running the red light at Hondo Pass and Gateway North. As she approached the van,
Hanner could smell a “rubbery” or burned rubber odor which she knew from prior experience occurs
when a vehicle has been braking a lot. The officers asked Appellant to exit the vehicle and they
patted him down for weapons before handcuffing him. Once in the patrol unit, Appellant asked
Hanner whether she was sure that it was van and not some other van that was in the area. 
            Ray French, an auto mechanic and the owner of R&R Auto Repair, testified that he had
worked on Appellant’s Ford Econoline van on several occasions. French believed that the van was
a 1990 or 1991 model. French did not bring any written records with him but he recalled that the
van has approximately 200,000 miles on it and has a dead cylinder. The suspension and brakes are
also in poor condition. On cross-examination, French admitted that the van will accelerate given
enough time to do so and has a proper state inspection. In French’s opinion, a police car would not
have any trouble catching the van. 
SUFFICIENCY OF THE EVIDENCE
            In his sole issue on appeal, Appellant challenges the legal and factual sufficiency of the
evidence to support his conviction. He argues that the State failed to prove that it was his white van
which fled from Officer Hanner. 
Standards of Review
            In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on
other grounds, Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000). We do not resolve any
conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to do
so. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d
839, 843 (Tex.Crim.App. 1991). Instead, our duty is only to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict. Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict. Matson, 819 S.W.2d at 843. Further, the
standard of review is the same for both direct and circumstantial evidence cases. Geesa, 820 S.W.2d
at 158.
            In reviewing the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Evidence is
factually insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow
the verdict to stand, or the finding of guilt is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider in
conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. See id. In performing this review, we are to give due
deference to the fact finder’s determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact
finder is the judge of the credibility of the witnesses and may “believe all, some, or none of the
testimony.” Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Consequently, we may
find the evidence factually insufficient only where necessary to prevent a manifest injustice from
occurring. See Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.
1997).
 

Elements of Evading Detention
            A person commits the offense of evading arrest or detention if he intentionally flees from a
person he knows is a peace officer attempting lawfully to arrest or detain him. Tex.Penal Code
Ann. § 38.04(a)(Vernon 2003). An offense under this section is a Class B misdemeanor except it
is a state jail felony if the actor uses a vehicle while he is flight and has not been previously
convicted of evading arrest or detention. Tex.Penal Code Ann. § 38.04(b)(1). The indictment
alleged that Appellant intentionally fled from Linda Hanner, a person Appellant knew was a peace
officer who was attempting to lawfully detain him, and Appellant used a vehicle while he was in
flight. The application paragraph of the court’s charge tracked the indictment.
Legal Sufficiency
            Appellant argues that the evidence is legally insufficient to prove that his van had fled from
Officer Hanner earlier that evening. He points to the evidence showing that Officer Hanner did not
obtain the license plates of the van which initially fled from her and she could not identify Appellant
as the driver of the van which she had chased before losing it in the residential neighborhood. 
Hanner testified that she “regain[ed] visual” of the white van which had fled from her and she pulled
it over. Appellant was the driver of that van. When she approached the van, Hanner could smell a
burned rubber odor which she knew from experience was caused by brakes being applied frequently
at higher rates of speed. This was consistent with the manner in which the van had been driven as
it fled from her. Furthermore, Appellant did not stop when Hanner activated her emergency lights
and siren, but rather, he ran a stop sign and traveled several blocks before stopping. A rational jury
could have reasonably found beyond a reasonable doubt that the white van which fled from Hanner
and the white van driven by Appellant were one and the same. Accordingly, the evidence is legally
sufficient to support the jury’s conclusion that Appellant committed the offense of evading detention
in a vehicle.
Factual Sufficiency
            The evidence, when reviewed in a neutral light, is sufficient to support Appellant’s
conviction. Hanner admitted that the van she had chased did not have any distinguishing
characteristics and there were probably hundreds like it in El Paso. However, she saw only one
white van that evening, and there were no other vehicles on the road during this time period and in
that neighborhood. As some indication that it was the same van which had fled from Hanner
minutes earlier, Appellant’s van emitted a “rubbery” or “burned rubber” odor which Hanner
associated with the brakes having been applied frequently at higher rates of speed. This evidence
is consistent with Hanner’s observation that the van maintained its speed and braked when taking
turns as it fled from her. French testified that Appellant’s van had many mechanical problems,
including a “rugged” suspension, but he admitted that the brakes were in working condition and the
van could accelerate if given sufficient time. This testimony is consistent with Hanner’s testimony
that the van increased its lead on her and eventually lost her, because she stopped at the stop signs
while the van maintained its speed and did not stop at the intersections. For this same reason, the
jury could have disregarded French’s testimony that a patrol car could catch the van since he did not
take into account that the patrol car stopped at intersections. The evidence supporting the verdict
is not so obviously weak as to undermine confidence in the fact finder’s determination nor is it
outweighed by contrary proof. Consequently, the evidence is factually sufficient. Appellant’s sole
issue is overruled and the judgment of the trial court is affirmed.


June 2, 2005                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)